80

The State, ex rel. Tye, *v.* Public Employees
Retirement Board.

[Cite as State, ex rel. Tye, v. Retirement Bd. (1978),
55 Ohio St. 2d 80.]

(No. 77-1377—Decided July 12, 1978.)

*Mr. Louis J. Schneider, Jr.,* for relator.

*Mr. William J. Brown,* attorney general, *Mr. John R. Hewitt,* and *Ms. Karen J. Grant,* for respondent.

*Per Curiam.* Relator was a faculty member at the University of Cincinnati from July 15, 1949, to April 27, 1967. It is this period of employment for which relator seeks to acquire retroactive membership in PERS.

In order to acquire this membership relator must ful-

fill the requirements of R. C. 145.44. In essence, R. C. 145.-44 provides that a current member of PERS can acquire retroactive membership in the system, but this acquisition is limited to those employed by "the several local authorities mentioned in section 145.01" who have "a local retirement system established under the laws of this state."

The stipulation of facts establishes that relator was a member of the city of Cincinnati's retirement system which is classified as "a local retirement system established under the laws of the state." In addition, relator has accumulated enough service credit to be vested in the Cincinnati system and to be eligible for retirement benefits in 1981. He, nevertheless, desires to transfer this credit to PERS in the form of retroactive membership. In order to transfer this vested service credit to PERS, it must be established that this service was employment with "the several local authorities mentioned in section 145.01." The University of Cincinnati is not mentioned as an employer in R. C. 145.01.

It is the laws governing municipal universities, R. C. 3349.01 *et seq.*, which are applicable herein. R. C. 3349.03 and its predecessor, G. C. 4003-1, authorized the employment of faculty members during relator's tenure at the university and established the university, through its board of directors, as his employer.

If past employment of the relator is to be classified in a state retirement system, this service would come under the State Teachers Retirement System (R. C. 3307.01 *et seq.*), and PERS, although making numerous provisions for prior service credit, retroactive membership, military service credit, and credit for service in othe state systems (R. C. 145.20 *et seq.*), does not provide for a transfer of the nature sought herein.

Accordingly, the writ prayed for is denied.

*Writ denied.*

O'NEILL, C. J., HERBERT, CELEBREZZE, W. BROWN, P. BROWN, SWEENEY and LOCHER, JJ., concur.